**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| XCOAL ENERGY & RESOURCES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** 1:23-CV-361 |
| | ) | |
| ACCIAIERIE D'ITALIA S.P.A. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

**VERIFIED COMPLAINT AND REQUEST FOR
ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff, Xcoal Energy & Resources ("Plaintiff" or "Xcoal"), files this Verified Complaint against Defendant, Acciaierie D'Italia S.P.A. ("Defendant" or "ADI"), seeking damages and issuance of a writ of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, and, in the alternative, attachment under Alabama state law, and in support states as follows:

**JURISDICTION AND VENUE**

1.      This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Rule B of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Admiralty Rules").

2.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1333. This is an action for breach of maritime contracts and to obtain security in aid of a foreign arbitration pursuant to 9 U.S.C. § 8.

3.      Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rule B.

4.      Plaintiff invokes the maritime procedures and special relief provided in Supplemental Admiralty Rule B, as (i) ADI is a non-resident defendant that cannot be found

PD.43174333.1

in this District within the meaning of Rule B and (ii) ADI has property located in this District as detailed herein.

## PARTIES

5.    Plaintiff Xcoal is a limited partnership organized under law with its principal place of business located at One Energy Place, Suite 900, Latrobe, Pennsylvania 15650.

6.    Defendant ADI is a company organized under the laws of the Republic of Italy with its registered offices at Viale Certose 239, Milan, Italy.

7.    ADI has property located within this District, specifically a cargo of coal that is currently aboard and/or will soon be loaded aboard the non-party garnishee vessel M/V BULK DESTINY (IMO No. 9781994), berthed at the Alabama State Docks McDuffie Coal Terminal in Mobile, Alabama.

## FACTUAL BACKGROUND

8.    Xcoal brings this action for maritime attachment and garnishment to obtain *quasi in rem* jurisdiction over ADI and to obtain security in aid of a foreign arbitration as provided for in 9 U.S.C. § 8 and Supplemental Admiralty Rule B.

9.    Xcoal and ADI are parties to a series of five contracts that are in and/or will be submitted to arbitration pursuant to the rules of the International Chamber of Commerce. The contracts include a Master Purchase Agreement and four Spot Purchase Agreements with addenda for the delivery and sale of raw materials, specifically coal (collectively "Agreements"). The seat of the arbitration is in Switzerland and the Agreements are subject to Swiss law.

10.    The Swiss arbitration arises out of ADI's various breaches of the Agreements, which have caused Xcoal to sustain damages of approximately $38,000,000 in U.S. currency.

11.    Under the subject Agreements, Xcoal, on behalf of ADI, was obligated to arrange, broker, and/or charter vessels for the ocean carriage of shipments of coal on vessels

from the United States to Italy. The vessels involved in the subject transportation include M/V STAR AQUILA, M/V HOLLAND PEARL, M/V TENDRA TRADER, M/V BULK ANTINGUA, M/V LAGONDA, M/V GENCO RHONE, M/V GENCO ARDENNES, and M/V STRAITS BAY.

12.     Xcoal performed under the Agreements, but ADI breached the Agreements by, among other things, refusing to take delivery of cargo that ADI ordered and refusing to pay Xcoal amounts owed. Among other breaches, and without limitation, ADI failed to pay Xcoal on April 7, 2023, April 21, 2023, April 25, 2023, May 3, 2023, and June 12, 2023.

13.     As a result of ADI's breach of the Agreements, Xcoal incurred damages. Xcoal's damages include, but are not limited to, charter hire, demurrage, detention, cost of cover, and other related costs and expenses, including attorney's fees.

14.     Xcoal has made amicable demand on ADI who wrongfully refuses to pay Xcoal. ADI is therefore in breach of the Agreements.

## COUNT I – BREACH OF MARITIME CONTRACT

15.     Xcoal re-alleges and incorporates each and every allegation in Paragraphs 1 through 14 above, as if fully set forth herein.

16.     Xcoal has fully performed its contractual obligations under the subject Agreements and provided the maritime transportation services on behalf of ADI as set forth in the Agreements.

17.     ADI has breached the Agreements by, *inter alia*, refusing to take delivery of the subject cargoes of coal, failing to pay Xcoal, and/or wrongfully terminating certain contracts. As a result, Xcoal has incurred damages, including, but not limited to, charter hire, demurrage, detention, cost of cover, and other related costs and expenses, including attorney's fees.

18.     As result of ADI's breach of the Agreements, Xcoal has sustained damages of at least $38,000,000.

3

PD.43174333.1

## COUNT II – MARITIME ATTACHMENT AND GARNISHMENT (RULE B)

19.     Xcoal re-alleges and incorporates each and every allegation in Paragraphs 1 through 18 above, as if fully set forth herein.

20.     Xcoal seeks the issuance and service of process of a maritime attachment so that it may obtain security for its claims against ADI and ultimately payment from the security.

21.     To date, no security for Xcoal's claims has been posted in this District by ADI or anyone acting on ADI's behalf.

22.     ADI's breach of the Agreements with Xcoal and its failure to pay, *inter alia*, the costs described above give rise to an *in personam* maritime claim against ADI for breach of maritime contract in favor of Xcoal for all damages caused by ADI's breach.

23.     ADI is liable to Xcoal for the damage described above, plus interest, plus attorney's fees and all costs incurred to collect this debt.

24.     Upon information and belief, and after investigation, neither ADI nor its officers or principals can be found within this District for the purposes of Supplemental Admiralty Rule B.

25.     Although ADI cannot be found within the District, it owns tangible property, namely coal, that is located within the jurisdiction of this Honorable Court.

26.     Specifically, Xcoal avers on information and belief that ADI is the owner of coal that is located in this District and is currently aboard and/or will soon be loaded aboard the M/V BULK DESTINY (IMO No. 9781994), berthed at the Alabama State Docks McDuffie Coal Terminal in Mobile, Alabama, which vessel is also currently within this District.

27.     Xcoal moves this Court to issue a writ of maritime attachment of the cargo of coal aboard the M/V BULK DESTINY to secure and pay any arbitration award and/or judgment rendered against ADI in favor of Xcoal.

PD.43174333.1

## COUNT III – ALTERNATIVE CLAIM FOR ATTACHMENT UNDER ALABAMA LAW

28.    Xcoal re-alleges and incorporates each and every allegation in Paragraphs 1 through 27 above, as if fully set forth herein.

29.    Xcoal alternatively asserts claims against ADI for attachment as permitted by Rule 64 of the Federal Rules of Civil Procedure and Ala. Code §§ 6-6-41, 42, *et seq.*

30.    Xcoal seeks to enforce the collection of its debts of at least $38,000,000 arising from ADI's breaches of contract by attachment of ADI's property within the district.

31.    Upon information and belief, and after investigation, neither ADI nor its officers or principals can be found within this District.

32.    ADI is the owner of coal that is located in this District and is currently aboard and/or will soon be loaded aboard the M/V BULK DESTINY (IMO No. 9781994), berthed at the Alabama State Docks McDuffie Coal Terminal in Mobile, Alabama, and ADI will soon remove this property from the District such that Xcoal will have to seek redress in another jurisdiction.

33.    Xcoal pleads this claim for attachment pursuant to Alabama state law in the alternative to its Rule B Maritime attachment set forth above.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Xcoal Energy & Resources, by counsel, prays as follows:

a)    That this Verified Complaint be deemed good and sufficient;

b)    That process be issued against ADI, *in personam*, citing ADI to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

c)    That pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment attaching all of ADI's tangible or intangible property within this District, including but not limited to the coal aboard the M/V BULK DESTINY, and any funds due and owing to ADI held by any garnishee,

5

PD.43174333.1

up to an amount of no less than $38,000,000, plus costs, interest, and attorney's fees to secure Xcoal's claims;

    d)    That a person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

    e)    That after due proceedings, judgment be entered in favor of Xcoal Energy & Resources against Acciaierie D'Italia S.P.A., *in personam*, for the amount of $38,000,000, plus prejudgment interest, post-judgment interest, costs, attorney's fees, and expenses of this case; and

    f)    That the Court grant Xcoal such other and further relief as may be just, equitable, and proper.

This 22ND day of September 2023.

**Respectfully submitted,**

**PHELPS DUNBAR LLP**

E. Barrett Hails
101 Dauphin Street Suite 1000
Mobile, Alabama 36602
Telephone: 251-432-4481
Facsimile: 251-433-1820
Email: barrett.hails@phelps.com

Michael J. Wray, Esquire
(*pro hac vice* admission to be sought)
SQUIRE PATTON BOGGS
600 Travis Street, Suite 6700
Houston, Texas 77002
Telephone: 713-546-3330
michael.wray@squirepb.com

*Attorneys for Xcoal Energy & Resources*

PD.43174333.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **XCOAL ENERGY & RESOURCES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** ⎿1:23-CV-361⏋ |
| | ) | |
| **ACCIAIERIE D'ITALIA S.P.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## DECLARATION OF E. BARRETT HAILS

State of Alabama

County of Mobile

Pursuant to 28 U.S.C. § 1746, I, E. Barrett Hails, declare as follows:

1. I am an attorney with the law firm of Phelps Dunbar LLP, counsel for the Plaintiff Xcoal Energy & Resources in this case.

2. As counsel for Xcoal Energy & Resources, I have personally inquired into the presence of Acciaierie D'Italia S.P.A. ("ADI") in this District.

3. In particular, I have performed searches of local internet telephone directories, searched the Alabama Secretary of State's official corporate database website, reviewed ADI's website and conducted various internet searches.

4. Based on a search of these records, I determined the following:

   a. No internet telephone directory or publicly available website lists ADI as a company with an address or local telephone number in this District.

   b. The Alabama Secretary of State does not list ADI as a company registered to do business within the State of Alabama or otherwise identify ADI in any way.

   c. The website for ADI identifies ADI as an Italian company based in Italy, with no indication of any office or agent in this District.

5. To the best of my knowledge, information, and belief, based upon this investigation, ADI cannot be found within this District for purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

7

6. Pursuant to S.D. Ala. CivLR 104, this verification is made by counsel as Xcoal Energy & Resources does not have any authorized corporate officer present in the district at this time and due to the exigent circumstances of these proceedings. I am authorized by Xcoal Energy & Resources to so verify.

7. Defendant ADI resides outside of this District and is about to move property out of this District which would require suit to be brought in another jurisdiction in the amount set forth in the Verified Complaint, and the attachment sought herein is not sued out for the purpose of vexing or harassing the Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Dated September 22, 2023:

E. Barrett Hails, Esq.

8

PD.43174333.1