# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| XCOAL ENERGY & RESOURCES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:23-cv-361-TFM-C |
| ) | |
| ACCIAIERIE D'ITALIA S.P.A, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PANGAEA LOGISTICS SOLUTIONS ) | |
| (BVI), LTD., ) | |
| ) | |
| Intervenor. ) | |
| ) | |
| JAVELIN GLOBAL COMMODITIES ) | |
| (UK) LTD. AND ACCLAIERIE ) | |
| D'ITALIA, S.P.A., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On October 10, 2023, the Magistrate Judge issued a Report and Recommendation which recommended as follows: the Emergency Motion to Vacate Maritime Arrest and Attachment (Doc. 16) and the Emergency Motion to Vacate Maritime Arrest and Attachment and Memorandum in Support filed by Acciaierie D'Italia S.P.A. ("ADI") (Doc. 44) be granted and the Writ of Foreign Attachment as to the property aboard the M/V BULK DESTINY (IMO No. 9781994) be vacated, each party reserving all rights.  Subsequently, all parties filed a flurry of motions and Plaintiff even filed an attempt at a voluntary dismissal to close the case.  Regardless of all these issues, the parties did ultimately agree to request the vacate the Writ of Foreign Attachment and Arrest.  On October 12, 2023, the Court entered an agreed upon order from the parties which vacated the writ and released the vessel from seizure.  *See* Doc. 63.

On April 3, 2024, the Court issued a short order summarizing the procedural twists and turns that occurred subsequent to the Report and Recommendation along with its preliminary rulings. *See* Doc. 84. The Court further instructed the parties to file a joint status report which indicates the parties' views on what motions had been mooted, what issues remain for resolutions, and the possible consolidation of the two related cases (1:23-cv-361 and 1:23-cv-444). *Id*.

The parties filed their joint status report on April 30, 2024. *See* Doc. 88. The Court has reviewed the joint status report and now issues this more detailed opinion on the matter. The Court first starts with the jurisdictional question presented by XCoal's attempt to dismiss in its Motion to Vacate Attachment (Doc. 55, filed 10/11/23).

On October 10, 2024, the Magistrate Judge entered his Report and Recommendation (R&R) which was adverse to XCoal. Seemingly recognizing that should the undersigned adopt the R&R that it may have significant financial implications, one day later, XCoal filed its motion to vacate attachedment (Doc. 55) in an attempt to avoid a ruling on the R&R. The motion generically references Rule 41 of the Federal Rules of Civil Procedure and request the Court enter an order vacating its prior attachment of the cargo aboard the M/V Bulk Destiny, vacate the warrant of arrest and writ of foreign attachment, and instruct the U.S. Marshals to release the vessel and cargo. Further, XCoal states, "[t]o the extent other issues remain before the Court, Plaintiff respectfully requests that they be dealt with subsequent to the release of the attachment of the cargo and after the sailing of the subject vessl so as to prevent any further delay." *Id*. Later, XCoal attempted to reframe its motion as a Rule 41(a)(1)(A)(i) motion to dismiss in which it voluntarily dismissed its action in a self-effectuating document over which the Court no longer had jurisdiction over the merits-based claims. *See* Doc. 69.

Intervenor Javelin Global Commodities (UK) Ltd ("Javelin") objected to the motion and

filed its response indicating the the motion to vacate attachment portion is moot and said the attempt to voluntarily dismiss under Rule 41(a)(1) was procedurally improper. Javelin then said it should instead be considered under Rule 41(a)(2) as a motion to dismiss that must be approved by the Court. Doc. 68. Defendant Acciaerie D'Italia SPA ("ADI") filed a similar objection as Javelin and also noted the substantial harm caused by XCoal's actions and the attempt by XCoal to evade the consequences of an improper Rule B Attachment. Doc. 70

The Court agrees that the original motion cannot be considered as a self-effectuating voluntary dismissal under Rule 41(a)(1)(A)(i) for several reasons. First and most importantly, because for a voluntary dismissal to be self-effectuating, it must be clearly invoked. As evidenced by the original document, the Court finds that XCoal did not do so for several reasons: (1) XCoal framed as a motion and not a notice; (2) XCoal only generically references Rule 41 and does not indicate any attempt to make it a self-effectuating dismissal; and (3) even notes that there may be other issues remaining before the Court for resolution. Even the proposed order is styled as an order vacating maritime attachment, makes no reference to the case being dismissed or closed, and indicates any remaining matters would be taken up after the release of the cargo.

A Rule 41(a)(1) voluntary dismissal would be self-effectuating and would leave no issues before the Court for resolution. That would not be the case here. The Supplemental Rules for Admiralty or Maritime claims and Asset Forfeiture Actions state "[t]he Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent they are inconsistent with these Supplemental Rules." Supplemental Rule A(2). To the extent XCoal utilized the Maritime and Admiralty Supplemental Rules to initiate this process, it cannot use these rules to its advantage to seize items and then merely abandon them once it is no longer to their advantage through a different process. Finally, the Court finds that the document could not be self-effectuating because

it ultimately required actions from the Court – the vacating of the seizure and arrest orders and a further order directing the U.S. Marshals for the release of the boat and cargo. Therefore, the Court finds that the document was not one brought under Rule 41(a)(1) despite the later protestations.

Therefore, the Court looks to the motion as one brought under Rule 41(a)(2). For the multitude of reasons articulated by Javelin and ADI, the Court agrees that it would not be proper to grant a motion to dismiss under Rule 41(a)(2). The Court repeatedly warned XCoal in its intial status conferences that if the seizure was improperly done and if the Court erred making that finding that there might be significant financial consequences.[1] The Court agrees that XCoal appears to be trying to avoid those possible consequences by dodging the findings and conclusions recommending in the the R&R. The Court finds that would be an injustice here and therefore XCoal's motion (Doc. 55) is **DENIED** both in substance as an attempt to dismiss the case and as moot because of the Court's order vacating the seizure issued on October 12, 2023.

That now leads us to the pending R&R and the issues lingering beyond the vacated Rule B Attachment. The Court has reviewed the R&R, the objections (Doc. 64), and the responses to the objections (Docs. 65, 66). The Court finds that the R&R is well-reasoned and supported by the record. Further, the Court finds nothing in the objections that lead the Court to reach a different conclusion than the Magistrate Judge. Rather, the arguments appear to be those same ones that the Magistrate Judge considered and rejected. The responses to objections are well taken and for those

---

[1] Due to its schedule at the time, the Court referred the matter to the Magistrate Judge as this came up in the middle of a statewide redistricting case for which the undersigned had a special setting. While both cases were time sensitive, the Court could not relieve itself of the redistricting obligations and was part of a panel. Therefore, the Magistrate Judge could address this case in a more timely manner through a R&R with a shortened objections period. Ultimately, the agreed order vacating maritime attachment and arrest removed the emergency issues in this case and the subsequent procedural maneuvers led to an extended consideration of the R&R and its related issues.

same reasons, the Court finds that XCoal's objections are **OVERRULED**.

Therefore, after due and proper consideration of the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge (Doc. 51) is **ADOPTED** as the opinion of this Court with the modification that as noted by the Court and the parties, the seizure has already been vacated by agreement on October 12, 2023 (Doc. 63).

Accordingly, it is **ORDERED** as follows:

(1) That the Emergency Motions to Vacate Maritime Arrest and Attachment filed on September 26, 2023. (Docs. 16, 44) are both **GRANTED**.

   (a) However, as previously noted, the Writ of Foreign Attachment as to the property aboard the M/V BULK DESTINY (IMO No. 9781994) and the Warrant of Arrest of the M/V BULK DESTINY were already **VACATED** subsequent to the issuance of the R&R and that portion is moot. Therefore, no further action is required as to the vacation and that issue is now moot.

   (b) It also appears that the Motion for Security for Costs under Supplemental Rule E(2)(b) (Doc. 43, filed 9/29/23) is also moot, though the parties did not address the motion in their joint status report. Having reviewed the motion again, the Court **DENIES** the motion (Doc. 43) as moot. If the parties disagree, they shall file a motion regarding the issue no later than **May 31, 2024**.

(2) As discussed in the R&R, the Court has made no official determination regarding the issue of wrongful attachment and the issue is reserved for further proceedings.

(3) XCoal's motion to vacate attachment (Doc. 55) is **DENIED** as discussed in this opinion.

The Court will issue a separate order after its consideration of the opposed Motion for Leave to File its Complaint in Intervention (Doc. 61, filed 10/12/24) filed by Javelin. The motion is fully briefed and ripe for review. *See* Docs. 50, 61, 75, 79.

**DONE** and **ORDERED** this 23rd day of May, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE