IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| XCOAL ENERGY & RESOURCES, | ) |
| | ) |
| Plaintiff/ | ) |
| Counter-Claim Defendant, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-361-TFM-C |
| | ) |
| ACCIAIERIE D'ITALIA S.P.A., | ) |
| | ) |
| Defendant/ | ) |
| Counter-Claim Plaintiff, | ) |
| | ) |
| JAVELIN GLOBAL COMMODITIES | ) |
| (UK) LTD., | ) |
| | ) |
| Non-Party. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Javelin's Motion for Leave to File Its Complaint in Intervention*. Doc. 61, filed October 12, 2023. Javelin Global Commodities (UK) Ltd. ("Javelin") moves the Court grant it leave to file a complaint in intervention in this matter. *Id.* In support of the motion, Javelin argues it has filed its verified statement of right and interest to the subject coal in this matter, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Assert Forfeiture Actions ("the Supplemental Rules"), as well as asserted a counterclaim in an emergency motion to vacate. Doc. 61 (citing Doc. 16). Further, Javelin argues its verified statement of right and interest to the subject coal is permitted as an answer to Plaintiff Xcoal Energy & Resources' ("Xcoal") verified complaint, pursuant to Rule B of the Supplemental Rules ("Supplemental Rule B"). *Id.* Finally, Javelin argues it is allowed to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) since it "claims an interest related to the property that is the subject of the action, and is so

situated that disposing of the action may impair or impede [its] ability to protect its interest." *Id.* (quoting FED. R. CIV. P. 24(a)).

## I.     PROCEDURAL BACKGROUND

On September 22, 2023, Xcoal filed its Verified Complaint and Request for Issuance of Writ of Maritime Attachment and Garnishment, pursuant to Supplemental Rule B and, in the alternative, under Alabama state law, against Acciaierie D'Italia S.P.A ("ADI") in which Xcoal sought attachment of a consignment of coal on the *M/V Bulk Destiny* ("the vessel"). Doc. 1. A writ of attachment was issued on September 22, 2023. Doc. 9. Motions were then filed, including the Emergency Motion to Vacate Maritime Arrest and Attachment and Memorandum in Support that was filed by ADI, the Emergency Motion to Vacate Maritime Arrest and Attachment and Memorandum in Support that was filed by Javelin, and the Motion for Security for Costs Under Supplemental Rule E(2)(b) that was filed by Javelin. Docs. 16, 43, 44. The motions were referred to the Magistrate Judge, who entered a report and recommendation in which he granted ADI and Javelin's separate motions to vacate the writ of attachment. Doc. 51; *see* Docs. 16, 44. On October 12, 2023, at the request of the parties, the Court entered an agreed order that vacated the writ of attachment and released the vessel from seizure. *See* Doc. 63. The report and recommendation was then adopted as the opinion of the Court but was modified to recognize the writ of attachment was vacated by the agreed order of the parties. Doc. 91.

ADI and Javelin both filed pleadings in this matter. Javelin filed a complaint in intervention in which it requests damages from Xcoal for its claims of wrongful attachment and costs, fees, and Marshal's expenses. Doc. 50. ADI filed an answer and counterclaim to Xcoal's verified complaint in which it brings a claim of wrongful arrest and attachment. Doc. 71.

After the entry of the report and recommendation but before the parties' agreed order to

vacate the writ of attachment was entered, the parties filed several other motions, including a motion to vacate attachment pursuant to Fed. R. Civ. P. 41 that was filed by Xcoal as well as Javelin's instant motion. *See* Doc. 55, 61. As to Xcoal's motion to vacate attachment, the Court found the motion was not a self-effectuating voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) and it would be improper to grant the motion pursuant to Fed. R. Civ. P 41(a)(2), and therefore, denied the motion. Doc. 91. As to the Javelin's instant motion, the parties filed their respective response and reply. Docs. 75, 79.

Javelin also filed a separate action against Xcoal in this Court in which it requests damages for its claims of wrongful attachment/seizure, intentional interference with a contractual relationship, tortious interference with a contractual relationship; and costs, fees and Marshal's expenses pursuant to Supplemental Rule E(2)(b). *Javelin Global Commodities (UK) Ltd. v. Xcoal Energy & Res.*, Civ. Act. No. 1:23-cv-444-TFM-C, Doc. 1 (S.D. Ala. Nov. 22, 2023).

## II.     DISCUSSION AND ANALYSIS

In response to Javelin's instant motion, Xcoal argues (1) it voluntarily dismissed this action without prejudice, pursuant Fed. R. Civ. P. 41(a)(1)(A)(i), and therefore, it is no longer an action in which Javelin may intervene; (2) Javelin's motion does not comply with Fed. R. Civ. P. 24 because it is not timely, Javelin does not have an interest in the subject coal or transaction that is at issue in this matter, and Javelin's attempts to intervene in this matter are procedurally defective because it failed to request the Court's leave when it filed its complaint in intervention, then failed to attach a copy of the complaint in intervention to its instant motion; and (3) Javelin is not entitled to permissive intervention. Doc. 75.

The Court will address each of Xcoal's arguments in turn.

**A.     Xcoal voluntarily dismissed this action without prejudice, pursuant Fed. R. Civ. P. 41(a)(1)(A)(i), and therefore, it is no longer an action in which Javelin may intervene**

Xcoal presented this argument before the Court ruled on its motion to vacate attachment. As discussed in more detail in the Court's May 23, 2024 memorandum opinion and order, the Court rejected this argument. Doc. 91 at 1-4. The Court need not repeat its analysis here.

**B.       Javelin's motion does not comply with Fed. R. Civ. P. 24**

Xcoal argues Javelin's attempts to intervene in this matter are procedurally defective and, therefore, its attempt to intervene is untimely because it filed a complaint in intervention without an accompanying motion for leave to intervene, then filed a motion to intervene that did not have attached to it a complaint in intervention. Doc. 75 at 6-7. Further, Xcoal argues Javelin did not properly intervene before the attachment of the subject coal was vacated. *Id.*

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). A party who seeks to intervene as a matter of right in an action pursuant to Fed. R. Civ. P. 24(a)(2) must show:

> (1) [the] application to intervene is timely; (2) [the party has] an interest relating to the property or transaction which is the subject of the action; (3) [the party is] so situated that disposition of the action, as a practical matter, may impede or impair [the party's] ability to protect that interest; and (4) [the party's] interest is represented inadequately by the existing parties to the suit.

*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'Ship*, 874 F.3d 692, 695-96 (11th Cir. 2017) (quoting *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004)).

"A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). While Fed. R. Civ. P. 24(c) contemplates a potential intervenor file a motion to intervene that is accompanied by a pleading,

the Federal Rules of Civil Procedure state, "Pleadings must be construed so as to do justice." FED. R. CIV. P. 8. Here, Javelin separately filed a complaint in intervention and a motion to intervene without strictly complying with Fed. R. Civ. P. 24(c), but its intent to intervene in this matter was clear based on its complaint in intervention. "[S]o as to do justice," the Court construes Javelin's complaint in intervention to include a motion to intervene. FED. R. CIV. P. 8. Even though the Court construes Javelin's complaint to intervene to include a motion to intervene, the Court need not divine the grounds for Javelin's intervention since it subsequently filed the motion that states its reasons.

The Court will now analyze whether Javelin may intervene as a matter of right.

> In determining whether a motion to intervene was timely, we consider (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1256 (11th Cir. 2002).

Here, the verified complaint was filed on September 22, 2023; Javelin filed on September 26, 2023, an emergency motion to vacate the attachment in which it alleged it was the owner of the coal that was attached in this matter; the instant motion was filed less than one month after the verified complaint was filed, on October 12, 2023; and Javelin previously filed a separate complaint in intervention on October 6, 2023. Docs. 1, 16, 50, 61. When the instant motion was filed, the subject coal was in this judicial district. *See* Docs. 9, 63. The Court notes neither a preliminary, nor Fed. R. Civ. P. 16(b), scheduling order has been entered in this matter.

As detailed, Javelin asserted its interest in the subject coal early in these proceedings and attempted to intervene within one month of when this matter was initiated. Further, while much

has occurred in this matter, all of the activity is related to the initial attachment and the addition of parties who assert an interest in this matter and has not proceeded to the formal discovery phase of litigation. Finally, both Javelin's complaint in intervention and motion to intervene were filed before the parties' agreed order to vacate the writ of attachment was entered. Therefore, the Court finds Javelin's motion to intervene is timely.

As to whether Javelin has an interest in the subject coal, Xcoal argues, in the complaint in intervention, Javelin has not asserted a possessory right or title action under Supplemental Rule D or sought replevin under Alabama law but asserted a claim for wrongful arrest that seeks monetary damages. Doc. 75 at 8-9. Xcoal further argues Javelin is not entitled to intervene as a matter of right because it would not have been entitled to bring an *in rem* action. *Id.*

In response, Javelin argues it has repeatedly asserted in its filings its exclusive ownership interest in the subject coal and the Magistrate Judge found in his Report and Recommendation Javelin is the owner of the coal. Doc. 79 at 7. Javelin argues it has, in addition to its interest in the coal, a direct interest in the recovery of its losses that are associated with Xcoal's attachment of the subject coal. *Id.*

"Intervention of right must be supported by direct, substantial, legally protectible interest in the proceeding. In essence, the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (citations, internal citations, and internal quotation marks omitted).

Here, as the Magistrate Judge found in his report and recommendation, which the Court adopted as its own in the Mary 23, 2024 memorandum opinion and order, "the cargo of coal that is the subject of the Rule B Attachment was owned by Javelin at the time of the attachment, not

ADI. Javelin is the seller under a sale of goods contract with ADI." Doc. 51 at 6. Pursuant to agreements between ADI and Javelin, title of the subject coal would not pass to ADI until certain payments were made that were due a specified time before the shipment of coal reached its intended destination. *See id.* at 6-7. Indeed, Javelin submitted clear evidence it owned the subject coal and asserted its ownership interest as early as September 26, 2023, four days after the writ of attachment for the coal was issued by the Court. *See* Docs. 16, 44-1, 44-2, 44-3. As the owner of the subject coal that Xcoal petitioned to be attached, Javelin has a direct, substantial, and legally protectible interest in this proceeding.

As to whether the denial of Javelin's motion to intervene would impair its ability to protect its interest, Xcoal does not address this factor. *See* Doc. 75. Javelin argues a denial of its motion would impede its ability to protect its interest in the recovery of the amounts that were lost due to the alleged wrongful attachment since the attachment occurred in this judicial district and the parties have already expended resources to litigate this matter. Doc. 79 at 7. Javelin has filed a separate action in this Court that asserts the same claims, among others, that it presents in its complaint in intervention in this matter, so it has proceeded to protect its interest despite its request to intervene. Ultimately, Javelin has an interest in participating in the underlying litigation because of its ownership interest in the subject coal.

Finally, as to whether Javelin's interest is represented inadequately by the existing parties to the suit, Xcoal does not address this factor. *See* Doc. 75. Javelin argues its interests cannot be represented or protected by ADI since it is not a party to the charter that is involved in this matter and its losses are distinct from those of Javelin's. Doc. 79 at 7-8.

Representation is adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed

intervenor, and if the representative does not fail in fulfillment of his duty." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (citation and internal quotation marks omitted). "[A] proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." *Id.* (citations omitted).

Here, the representative party, ADI, was alleged to own the subject coal but, as shown by Javelin, does not have an ownership interest in such. Further, the damages that ADI seeks through its counterclaim against Xcoal for wrongful arrest and attachment is based on its contractual agreement with Javelin to deliver coal, which damages are different in kind from those that Javelin seeks for demurrage and custodial expenses for the formerly attached coal. Therefore, Javelin has shown its interests are not adequately represented in this matter by ADI.

Having analyzed the factors to determine whether Javelin may intervene as a matter of right in this litigation, on balance, the Court finds the factors weigh in its favor and it may intervene.

C. **Javelin is not entitled to permissive intervention**

Xcoal argues Javelin solely requested to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a), but if Javelin does argue it should be allowed to permissively intervene in this matter, pursuant to Fed. R. Civ. P. 24(b), the Court should deny Javelin's request based on Xcoal's arguments against Javelin's request to intervene as a matter of right. Doc. 75 at 11-12.

"On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (b) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(A)-(B).

Javelin does not argue it should be allowed to permissively intervene in this matter, but the

Court finds it may do so for the same reasons that the Court found Javelin may intervene as a matter of right.

### III. <u>CONCLUSION</u>

Accordingly, Javelin's Motion for Leave to File Its Complaint in Intervention. (Doc. 61) is **GRANTED**, Javelin's complaint in intervention (Doc. 50) is deemed filed in this matter, and Xcoal's responsive pleading to the complaint in intervention is due within twenty-one (21) days from the date when this order is entered.

**DONE** and **ORDERED** this 5th day of June 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
