IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| XCOAL ENERGY & RESOURCES, | ) | |
| Plaintiff/Counter-Claim Defendant, | ) ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:23-cv-361-TFM-C |
| ACCIAIERIE D'ITALIA S.P.A., | ) ) | In Admiralty |
| Defendant/Counter-Claim Plaintff, | ) ) | |
| JAVELIN GLOBAL COMMODITIES (UK) LTD., | ) ) ) | |
| Intervenor Plaintiff | ) ) | |

| | | |
|---|---|---|
| JAVELIN GLOBAL COMMODITIES (UK) LTD. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:23-cv-444-TFM-C |
| XCOAL ENERGY & RESOURCES, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Consent Motion to Consolidate Proceedings* (Civ. Act. No. 1:23-cv-361, Doc. 98, filed 8/1/24; Civ. Act. No. 1:23-cv-444, Doc. 30, filed 8/1/24). For good cause, it is **ORDERED** that the motions to consolidate are **GRANTED**.

### I.   DISCUSSION AND ANALYSIS

The Federal Rules of Civil Procedure state: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or

delay." FED. R. CIV. P. 42(a). Fed. R. Civ. P. 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary. *See also Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary."). In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. Finally, the Court may decide to consolidate for pretrial, trial, or both.

Turning to the situation at hand, the Court finds that the majority of the above factors are met. Additionally, the parties agree that the matters should be consolidated for all purposes including trial.

## II.  CONCLUSION

For the reasons articulated above, it is **ORDERED** that the motions to consolidate (Civ. Act. No. 1:23-cv-361, Doc. 98; Civ. Act. No. 1:23-cv-444, Doc. 30) are **GRANTED**. The cases are consolidated with the first filed case (1:23-cv-361-TFM-C) being designated the lead case. The parties are also **DIRECTED** to use the consolidated header used on this order.

**DONE** and **ORDERED** this 1st day of August, 2024.

                                     /s/ Terry F. Moorer  
                                     TERRY F. MOORER  
                                     UNITED STATES DISTRICT JUDGE