**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **XCOAL ENERGY & RESOURCES,** | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counter-Claim Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:23-cv-361-TFM-C** |
| | ) | |
| **ACCIAIERIE D'ITALIA S.P.A.,** | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counter-Claim Plaintiff,** | ) | |
| | ) | |
| **JAVELIN GLOBAL COMMODITIES** | ) | |
| **(UK) LTD.,** | ) | |
| | ) | |
| **Intervenor/Plaintiff.** | ) | |

**ORDER**

On April 29, 2026, the Magistrate Judge entered a Report and Recommendation that recommended Plaintiff/Counter-Claim Defendant XCoal Energy & Resources' ("XCoal") motion for summary judgment (Doc. 219) be granted, Intervenor/Plaintiff Javelin Global Commodities (UK) Ltd.'s ("Javelin") motion for partial summary judgment (Doc. 237) be denied, and any other outstanding motions were considered resolved by the recommendation if adopted by the undersigned, which it was by Memorandum Opinion and Order (Doc. 258) that was entered on June 12, 2026. The Court then ordered the parties to meet and confer to determine what, if any, issues, remain to be resolved, whether a trial setting is still appropriate, and whether the Court's rulings rendered a trial unnecessary and a final judgment, pursuant to Fed. R. Civ. P. 58, should be entered. *Id.* at 2.

On July 2, 2026, the parties submitted their joint status report that addressed the Court's inquiries in which they acknowledge there is an outstanding issue of an award of costs for the

Page 1 of 2

storage of the attached property but disagree as to whether a trial should be held to determine the issue or whether the issue should be addressed after a final judgment is entered.  Doc. 259.  The parties also indicated Javelin intended to file an interlocutory appeal of the Memorandum Opinion and Order, pursuant to 28 U.S.C. § 1292(a)(3), which was filed on July 9, 2026 (Doc. 260).

In light of the interlocutory appeal, the Court set this matter for a status hearing via video teleconference that was held on July 15, 2026, and at which counsel for the parties appeared.  Doc. 266.  At the status hearing, the Court discussed with the parties whether this matter should be administratively stayed pending the resolution of Javelin's appeal to which both parties agreed it should.

Accordingly, the Court determines it is appropriate to stay this matter and place it in an administrative status pending the resolution of Javelin's appeal. It is therefore **ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED FOR MONITORING** pending the resolution of the pending appeal.  The parties are **ORDERED** to file with the Court a joint status report on the first business day of every quarter, beginning on October 1, 2026, while the appeal is pending.

The Clerk of Court is **DIRECTED** to administratively close this case.

**DONE** and **ORDERED** this 15th day of July 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE